UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION
FILED
JUN 09 1992
[Clerk signature]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EUGENE J. LODERMEIER and MERYLE E. LODERMEIER, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>SIOUX FALLS POLICE DEPARTMENT, CITY OF SIOUX FALLS, STATE OF SOUTH DAKOTA, ROGER TELLINGHUISEN, MARK BARNETT, DIANE BEST, COUNTY OF MINNEHAHA, RICHARD HURD, DAVID NELSON, JAMES IOSTY, LANCE MATTSON, RICHARD SEIVERT, RUSSELL PRINCE, GERALD FOLKERTS, CARL EDMUNDS, TERRY SATTERLEE, RANDALL FLOOD, DEAN JOHNSON, KELO-TV, KDLT-TV, KSFY-TV, SIOUX FALLS ARGUS LEADER, JANET LIVELY, STEVE ERPENBACH, TODD NELSON, VALERIE ARMSTRONG, et al., in their individual and official capacities,<br><br>Defendants. | CIV 91-4148<br><br>MEMORANDUM OPINION and ORDER<br><br>page 116 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

It appears from the record herein that plaintiff Meryle E. Lodermeier was charged with the offense of Making False Report to Law Officers in violation of SDCL 22-11-9(2) and was convicted thereon on December 12, 1989. (Doc. 35)

Plaintiffs are the parents of Gene V. Lodermeier who was convicted of criminal offenses, and who brought a § 1983

action relating to this conviction. CIV 91-4147. Plaintiffs also bring this action under § 1983 and many of their allegations closely parallel the claims made by their son in his action.

## OTHER PLAINTIFFS

The caption of this action states: "Eugene J. Lodermeier and Meryle E. Lodermeier, et al." Plaintiffs are acting pro se and cannot represent other plaintiffs. That part of the caption stating "et al." will be stricken.

## NEWS MEDIA DEFENDANTS

The plaintiffs in paragraph 36 of the Complaint charge various news media defendants named therein with defamation.

Defendant KELO-TV filed and served a Motion to Dismiss for Failure to State a Claim (Doc. 7) on January 27, 1992.

Defendant KDLT-TV filed and served a Rule 12 Motion to Dismiss (Doc. 13) on February 6, 1992.

Defendant KSFY-TV filed a Motion to Dismiss and for sanctions (Doc. 5) on January 3, 1992.

Defendants Sioux Falls Argus Leader, Janet Lively, Steve Erpenbach, Todd Nelson and Valerie Armstrong filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 21) on February 25, 1992.

The plaintiff has not responded to any of these motions.

I conclude that the motions should be granted on the basis that the complaint fails to state a cause of action

2

against these defendants, and will *sua sponte* dismiss the complaint against the other defendants named in paragraph 36 for the reasons stated herein.

To establish an action under 42 U.S.C. § 1983, two elements must be present: (1) the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, and (2) the conduct must have been committed by a person acting under color of state law. 42 U.S.C. § 1983 (1981); *see also Jones v. Gutschenritter*, 909 F.2d 1208, 1211 (8th Cir. 1990).

Neither element has been met by plaintiffs' claims against these defendants. As to the first element, defamation claims are not cognizable in § 1983 actions because "[o]ne's reputation alone is neither a 'liberty' nor a 'property' interest protectible by the due process clause of the fourteenth amendment." *Wade v. Goodwin*, 843 F.2d 1150 (8th Cir. 1988).

As to the second element, plaintiff has not alleged that these defendants were acting under color of state law, nor could he do so. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only

3

because the wrongdoer is clothed with the authority of state law.'"). Thus, plaintiffs fail to state a claim under § 1983 against any of the media defendants, and the complaint must be dismissed as to them.

## HABEAS CORPUS CLAIMS

Complaint, Section VI, Prayer for Relief, B. asks that the judgment of conviction against plaintiff Meryle Lodermeier be declared invalid.

This claim must be dismissed without prejudice. It is clear on the record in this case that no habeas corpus claims have been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 71 L.Ed.2d 379, 102 S.Ct. 1198 (1982).

## OTHER DEFENDANTS

The motions to dismiss of the other defendants are in part based on matters outside of the pleadings, so they should be treated as motions for summary judgment under Rule 35 of the Federal Rules of Civil Procedure. Plaintiffs should file and serve any answering materials and briefs on or before July 1, 1992. The moving parties may have until July 15, 1992 to file reply briefs, and the Court will thereupon decide all pending motions on the record so made.

Defendants KSFY-TV and KDLT-TV have requested Rule 11 sanctions against the plaintiffs. Plaintiffs shall have until July 1, 1992 to respond to the request for sanctions, and the

4

Court will thereupon decide the Rule 11 motions on the record.

Upon the record herein,

IT IS ORDERED:

(1)  That the words, "et al." are stricken from the caption.

(2)  That the motions to dismiss made by defendants KELO-TV, KDLT-TV, KSFY-TV, Sioux Falls Argus Leader, Janet Lively, Steve Erpenbach, Todd Nelson, and Valerie Armstrong, are granted, and the complaint is dismissed with prejudice as to each of them.

(3)  That Meryle E. Lodermeier's claim for habeas corpus relief, Prayer for Relief, VI, paragraph B, is dismissed without prejudice.

(4)  That all motions to dismiss will be treated as motions for summary judgment to the extent that they assert matters outside the complaint, and plaintiffs shall file and serve answering materials and briefs thereto on or before July 1, 1992;  and on the same date, plaintiffs shall respond to the requests for Rule 11 sanctions made by defendants KDLT-TV and KSFY-TV.

(5)  That the moving parties may file and serve reply briefs on or before July 15, 1992.

(6)  That the Court will thereupon decide all motions on the record so made.

Dated this _____9th_____ day of June, 1992.

BY THE COURT:

_____
Chief Judge

ATTEST:

WILLIAM F. CLAYTON, CLERK

BY: _____
                          DEPUTY
           (SEAL)

6