UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*Page 238*

*************************************************************
                              *

| | | |
|---|---|---|
| EUGENE J. LODERMEIER and MERYLE E. LODERMEIER, | * | CIV 91-4148 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION and ORDER |
| | * | |
| SIOUX FALLS POLICE DEPARTMENT, CITY OF SIOUX FALLS, STATE OF SOUTH DAKOTA, ROGER TELLINGHUISEN, MARK BARNETT, DIANE BEST, COUNTY OF MINNEHAHA, RICHARD HURD, DAVID NELSON, JAMES IOSTY, LANCE MATTSON, RICHARD SEIVERT, RUSSELL PRINCE, GERALD FOLKERTS, CARL EDMUNDS, TERRY SATTERLEE, RANDALL FLOOD, DEAN JOHNSON, KELO-TV, KDLT-TV, KSFY-TV, SIOUX FALLS ARGUS LEADER, JANET LIVELY, STEVE ERPENBACH, TODD NELSON, VALERIE ARMSTRONG, et al., in their individual and official capacities, | * * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

FILED
*Oct. 8* 19 *92*
*William F. Clayton*
CLERK

*************************************************************

Plaintiffs are the parents of Gene V. Lodermeier, who was convicted of criminal offenses and who brought a § 1983 action relating to his conviction.  CIV 91-4147.  Plaintiffs, acting pro se, also bring this action under § 1983, naming many of the same defendants as their son has in his action and many of their allegations closely parallel the claims made by their

son in his action. Plaintiff Meryle E. Lodermeier was convicted of making a false report to law officers on December 12, 1989. Plaintiffs seek a judgment permanently enjoining the defendants from engaging in the alleged unlawful practices complained of, to declare the judgment of conviction against plaintiff Meryle Lodermeier invalid, and an award of $4 million in damages.

All of the defendants have filed motions to dismiss or for summary judgment on a wide variety of grounds. On June 9, 1992, I granted dismissal of certain defendants in this action.[1] Those defendants who were granted dismissal include: KELO-TV, KDLT-TV, KSFY-TV, Sioux Falls Argus Leader, Janet Lively, Steve Erpenbach, Todd Nelson and Valerie Armstrong. The other defendants' motions to dismiss were based in part upon matters outside of the pleadings, so I ordered that they be treated as motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs were granted until July 1, 1992 to answer these defendants' motions, and to respond to requests for Rule 11 sanctions made by certain defendants.

Plaintiffs have responded to motions made by certain

_____

[1]I also denied plaintiffs' request that Meryle Lodermeier's conviction be declared invalid. This denial was based on failure to exhaust in state court. See Lodermeier v. Sioux Falls Police Dep't, et al., CIV 91-4148, Memorandum Opinion and Order (June 9, 1992).

defendants but have failed to respond to motions made by defendants Hurd, Minnehaha County, David Nelson, and James Iosty.   The time for filing any response has expired.   *See* Rule 12 of the Federal Rules of Civil Procedure.

### DISCUSSION

A pro se pleading asserting civil rights violations is to be liberally construed.[2]   *Miller v. Solem*, 728 F.2d 1020, 1023 (8th Cir. 1984), *cert denied*, 469 U.S. 841 (1984). Furthermore, under the principles governing summary judgment, the Court views the evidence in the light most favorable to the non-moving party.   *Id.*   However, "only genuine issues of material fact can defeat a motion for summary judgment." *Myers v. Morris*, 810 F.2d 1437, 1444 (8th Cir. 1987), *cert. denied*, 484 U.S. 828 (1987) (*quoting Kompare v. Stein*, 801 F.2d 883, 889 (7th Cir. 1986)) (emphasis original).

Defendant State of South Dakota

Plaintiffs' complaint makes no allegation against the State of South Dakota.   In plaintiffs' responsive brief they concede that the State of South Dakota is not defined as a "person" within the meaning of § 1983, nor can it be held liable as respondeat superior.   It is clear that a State

---

[2]   Pursuant to this standard, I have construed plaintiffs' complaint to include a claim for relief under 42 U.S.C. § 1985.

cannot be sued in federal court under § 1983. *Will v. Department of State Police*, 491 U.S. 58 (1989). Summary judgement must be granted as to the State of South Dakota.

<u>Defendants Roger Tellinghuisen, Mark Barnett and Diane Best</u>

To establish an action under 42 U.S.C. § 1983, two elements must be present: (1) the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, and (2) the conduct must have been committed by a person acting under color of state law. 42 U.S.C. § 1983; *see also Jones v. Gutschenritter*, 909 F.2d 1208, 1211 (8th Cir. 1990). The only allegations plaintiffs make against these defendants is that they failed to take action during the "bad faith" prosecution of plaintiffs' son. No only are no allegations made that any of these defendants deprived plaintiffs of any rights, it is clear that these defendants did not deprive plaintiffs of any rights which would impose § 1983 liability. Summary judgment is granted as to defendants Roger Tellinghuisen, Mark Barnett, and Diane Best.

<u>Defendant David Nelson</u>

Plaintiffs' only allegations against defendant David Nelson is that he is the State's Attorney and has administrative and active control of that office. Such action is not enough to impose liability under § 1983. To impose

liability on an individual such as Nelson, plaintiffs must show that he "demonstrated deliberate indifference or tacit authorization of the offensive acts by failing to take remedial steps" to remedy those acts. *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986). Plaintiffs have not alleged, nor have they shown, any personal involvement by David Nelson in the activities of which they complain.

Absolute Immunity

In a civil rights action a prosecutor does not have to defend alleged prosecutorial misconduct if that misconduct occurred in the discharge of the prosecutor's duties. *Myers*, 810 F.2d at 1446. A prosecutor who acts within the scope of his duties is absolutely immune from § 1983 liability. *Imbler v. Pachtman*, 424 U.S. 409, 431-32 (1976); *see also Snelling v. Westhoff*, Nos. 92-1067/92-1208, 1992 U.S. App. LEXIS 17610, at *2 (8th Cir. Aug. 3, 1992) (per curiam). Even allegations that a prosecutor knowingly presented false testimony are insufficient to defeat a prosecutor's absolute immunity. *Myers*, 810 F.2d at 1446.

Plaintiffs assert that all of the acts performed by defendant prosecutors which were investigative in nature fail to qualify for absolute immunity. Such a broad assertion

would unduly restrict a prosecutor's actions.

> "[C]onferring with potential witnesses regarding
> their knowledge of underlying events is plainly a
> part of a prosecutor's preparation of his case and
> therefore immune. . . . Not all of an advocate's
> work is done in the courtroom.  For a lawyer to
> properly try a case, he must confer with witnesses,
> and conduct some of his own factual investigation."

*Myers*, 810 F.2d at 1450 (citations and internal quotations

omitted).  As *Myers* illustrates, part of the duties of a

prosecutor necessarily entail an investigative function and

are entitled to absolute immunity.

It is true that the suppression of exculpatory evidence

is beyond the scope of a prosecutor's duties and such action

is not entitled to absolute immunity, or any type of immunity.

*Imbler*, 424 U.S. at 431 n.34.   However, plaintiffs' claims

that exculpatory information relating to Meryle Lodermeier's

charges was suppressed are merely conclusory and devoid of any

factual support.  Moreover, plaintiffs have failed to present

any facts showing that the prosecutors did not perform their

duties   in   "good   faith"   and   with   "objective   legal

reasonableness".   Plaintiffs' claims as to defendants Roger

Tellinghuisen, Mark Barnett, Diane Best, David Nelson and

James Iosty must be dismissed.

Conspiracy

In   their   complaint   plaintiffs   allege   that   various

defendants were involved in a conspiracy to deprive them of

their rights.   To sustain a conspiracy claim, plaintiffs must

6

allege that defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide some facts suggesting such a "meeting of the minds." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). The fact that various people were engaged in the investigation and reporting of suspected criminal activity does not create a conspiracy. *Myers*, 810 F.2d at 1454. There must be "a genuine factual issue of concerted activity toward an unlawful objective." *Id.* Plaintiffs have not pointed to any facts which would show that the defendants "reached an understanding" to violate their rights. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Plaintiffs have not alleged with "sufficient particularity" nor demonstrated with "specific material facts" that the defendants reached an "agreement and conspired together to deprive plaintiff[s] of a federal right." *Gometz v. Culwell*, 850 F.2d 461 (8th Cir. 1988) (citation omitted). Plaintiffs' allegations of a conspiracy are merely conclusory.

Plaintiffs' complaint makes several allegations that various defendants "conspired" to perform assorted acts. However, the complaint and other materials submitted by plaintiffs are devoid of any factual allegations which would suggest a "meeting of the minds". Summary judgment is granted to all defendants as to plaintiffs' conspiracy claim. Having

concluded that there was no conspiracy, I now examine whether there is any individual liability for the acts of the police officers named as defendants.

Defendant Police Officers - Terry Satterlee, Richard Seivert, Gerald Folkerts, Russell Prince, Carl Edmunds and Lance Mattson

Plaintiffs' response to the defendant police officers' motion to dismiss is styled more in the nature of an attack on Meryle Lodermeier's conviction.  Having ruled that plaintiffs have failed to exhaust state court remedies, I will ignore those arguments.  There are no facts to support plaintiffs' allegations that Eugene Lodermeier "has been inexcusably and improperly named instead of his son on judicial proceeding [sic] and criminal charges and in highly publicized defamatory newscasts."  These are merely conclusory allegations and devoid of any factual support.  The other allegations plaintiffs make refer to their son's prosecution, and as such are not claims which they can recover on under § 1983.

Defendants Minnehaha County, City of Sioux Falls and Sioux Falls Police Department

Having determined that there is no liability for the acts of their employees, there can be no liability of defendants Minnehaha County, City of Sioux Falls, or Sioux Falls Police Department.  In addition, such entities cannot be held liable under § 1983 on a theory of respondeat superior.  *Williams v. Butler*, 863 F.2d 1398, 1400 (8th Cir. 1988), *cert denied sub*

*nom.*, 492 U.S. 906 (1989).  To impose liability it must be shown that the challenged actions amounted to a custom.  *Id.* Again, plaintiffs' allegations in this regard are merely conclusory and devoid of any factual support.

## Defendant Richard Hurd

Plaintiffs' complaint, paragraph 38, alleges that:

> [d]efendant Hurd presided over plaintiff Meryle Lodermeier's trial proceedings after previously making unfounded statements and harsh remarks against her based on ex parte communications. Notwithstanding Hurd's distinct bias he failed to disqualify himself. . . . Hurd denied plaintiff Meryle Lodermeier a fair trial, abused his discretion, and himself engaged in and allowed other defendants to exercise abuse of process and deprive plaintiff Meryle Lodermeier of her constitutional rights.

However, it is clear from court records submitted by defendant Hurd that Judge Hurd's only contact with plaintiff Meryle Lodermeier's case was to conduct the preliminary hearing at which she was bound over for jury trial.

Even assuming *arguendo* that defendant Hurd did preside over Meryle Lodermeier's trial, he would have done so in his judicial capacity and he would clearly have had jurisdiction to do so.  It necessarily follows that he has absolute immunity from liability in this action.  *Mireles v. Waco*, 112 S.Ct. 286 (1991);  *Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992).  Summary judgment must be granted as to defendant Richard Hurd.

<u>Defendants Dean Johnson and Randall Flood</u>

Plaintiffs have alleged that Dean Johnson and Randall Flood conspired with various defendants. Having ruled that plaintiffs' allegations are merely conclusory as to any conspiracy theory, plaintiffs' claims as to any involvement by defendants Dean Johnson and Randall Flood in a conspiracy must fail.

Plaintiffs allege that Dean Johnson conspired with Russell Prince to "fraudulently prosecute and defame plaintiffs." However, this is directly contradicted by an affidavit submitted by plaintiffs' son in his appeal to the South Dakota Supreme Court (as well as in his § 1983 action in this Court, CIV 91-4147) which stated that defendants Russell Prince and Dean Johnson have not spoken for over 12 years. *State v. Lodermeier*, 481 N.W.2d 614, 627 n.9 (S.D. 1992). Plaintiffs' other allegations against Dean Johnson fail because neither element for recovery under § 1983 has been met. There has been no showing or allegation that Dean Johnson's conduct deprived plaintiffs of any protectible interest under § 1983 or that Dean Johnson acted under color of state law.

Plaintiffs' only allegation against Randall Flood is that he conspired with other defendants "to commit perjury and fraudulently prosecute plaintiff Meryle Lodermeier". Apart

from the fact that plaintiffs' conspiracy claim lacks merit,
even when plaintiffs' claim is liberally construed their
allegations against Randall Flood are conclusory and devoid of
any factual support. Plaintiffs' allegations would fail even
if factual support existed. Witnesses in judicial proceedings
are absolutely immune from civil liability under § 1983 based
on their testimony, even if they knowingly gave perjured
testimony. *Briscoe v. Lahue*, 460 U.S. 325 (1983).

Defendant Flood has not joined in or made any pending motion
for summary judgment, but the Court has concluded that
Plaintiffs' claims against him must fail. The Court therefor
concludes that summary judgment must be granted as to him for
the reasons stated herein.

Rule 11 Sanctions

Various defendants have requested Rule 11 sanctions
against the plaintiffs. Those requests will be denied.

Therefore,

Upon the record herein,

IT IS ORDERED:

(1) That the motion for summary judgment made by
defendants State of South Dakota, Roger Tellinghuisen, Mark
Barnett and Diane Best, Doc. 16, is granted.

(2) That the motion to dismiss made by defendants
Minnehaha County, David Nelson and James Iosty, Doc. 33, has

11

been treated as a motion for summary judgment and is granted.

(3)   That the motion to dismiss of defendants City of Sioux Falls, Sioux Falls Police Department, Russell Prince, Gerald Folkerts, Carl Edmunds, Terry Satterlee, Richard Seivert and Lance Mattson, Doc. 3, has been treated as a motion for summary judgment and is granted.

(4)   That the motion for summary judgment made by defendant Richard Hurd, Doc. 34, is granted.

(5)   That the motion for summary judgment made by defendant Dean Johnson, Doc. 40, is granted.

(6)   That plaintiffs' complaint against defendant Randall Flood is dismissed *sua sponte*.

7)   That the Clerk of Courts will enter judgment for the defendants and against plaintiffs on all issues under plaintiffs' complaint.

Dated this _____ day of October, 1992.

BY THE COURT:

_____
Chief Judge

ATTEST:

WILLIAM F. CLAYTON, CLERK

BY _____
DEPUTY

(SEAL)

12